IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *NUTRI YO S.A.*, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 15CV1763 |
| *ASHLEY ROBINSON*, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM, ORDER AND ENTRY OF PERMANENT INJUNCTION**

THIS MATTER comes before the Court on Plaintiff Nutri Yo S.A.'s Motion for Default Judgment and Application for Permanent Injunction.

Plaintiff filed its Verified Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") on November 30, 2015. This Court has previously found Plaintiff satisfied its obligations for service of process on Defendant by electronic mail. (Doc. No 17). On December 14, 2015, Defendant acknowledged receipt of the Complaint at some point prior to that date. As a benefit to Defendant, this Court elects to use December 14, 2015 as the date of service. Even using that date as the date of service, Defendant has failed to appear, answer or otherwise defend against the Complaint. The Clerk of the Court made entry of default pursuant to Plaintiff's Motion for Clerk's Entry of Default. All allegations contained in Plaintiff's Complaint are deemed admitted.

## **APPLICABLE LAW**

"It is well established…that entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency*, 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (Citations omitted). "[W]hen

1

default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright Miller & A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

## DISCUSSION

After consideration of the allegations in the Complaint that have been deemed admitted, affidavits and other materials submitted in connection with the instant motion and the testimony of Patricia Wolff during the evidentiary hearing on Plaintiff's Application for Preliminary Injunction on December 14, 2015, which testimony the Court found and finds credible, this Court finds the Complaint adequately alleges and supports the declaratory relief sought. Therefore, the entry of default judgment pursuant to Rule 55(b)(2) is proper. This Court also enters an order making permanent its Order of Preliminary Injunction (Doc. No. 17).

In support of its Order and Judgment the Court finds Plaintiff and Defendant entered into a Memorandum of Understanding ("contract") regarding Defendant's employment as Chief Executive Officer of Plaintiff dated July 20, 2015. The contract includes a "Governing Law and Venue" provision that provides:

> The validity, interpretation, construction and performance of this MOU shall be governed by the laws of the state of Missouri without regard to its conflicts of law principles. Any action for injunctive relief, if required, shall be commenced in either the Circuit Court of St. Louis County, Missouri of the United States District Court for the Eastern District of Missouri. ROBINSON AND NY EACH CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF SUCH COURTS.
> (contract, ¶ 10.)

2

The Court finds and declares the "Governing Law and Venue" provision of the contract requires all legal action arising from the contract be filed in this Court or the Circuit Court of St. Louis County, Missouri.

This Court finds Plaintiff terminated Defendant's employment on October 26, 2015. After Defendant was terminated, this Court finds Defendant hired legal counsel in the Republic of Haiti for the purpose of initiating legal proceedings or extra-judicial proceedings against Plaintiff in that jurisdiction. The Court concludes that such threats of immediate legal action by retained counsel of Defendant in the Republic of Haiti constitute an actual controversy.

This Court finds credible Plaintiff's past experience in the Haitian legal system that resulted in matters not being resolved on their merits and actions being taken such as judicial or extra-judicial orders closing businesses, schools and orphanages to compel a result or to compel parties to be subject to extra-judicial proceedings such as arbitration (none of which are provided for under the contract). The Court further finds the "Governing Law and Venue" provision of the Contract was included therein, in part, for the legitimate business purpose of avoiding the laws and legal system of the Republic of Haiti including the prospect of being subjected to legal proceedings including extra-judicial proceedings in Haiti and to ensure disputes between the parties would be resolved on their merits under the law as provided in the contract.

This Court finds Plaintiff is and will continue to suffer immediate and irreparable injury by Defendant unless Defendant be permanently enjoined from initiating any legal proceedings or extra-judicial proceedings or any other attempt to force Plaintiff to satisfy Defendant's demands against Plaintiff in any jurisdiction including, but not limited to, the Republic of Haiti, other than in this Court or the Circuit Court of St. Louis County, Missouri. There is no adequate remedy at law to prevent such injuries and harm to Plaintiff.

IT IS HEREBY ORDERED:

1. Plaintiff Nutri Yo's Motion for Default Judgment is granted as described herein.

2. The Court hereby declares that ¶ 10 of the contract requires all legal action or extra-judicial proceedings arising from the contract be filed or take place in this Court or the Circuit Court of St. Louis County, Missouri.

3. Defendant Ashley Robinson is hereby permanently enjoined from initiating any legal proceedings or extra-judicial proceedings against Plaintiff Nutri Yo or Meds & Food for Kids, or any of their officers, directors, employees, or agents in any place other than in this Court or in the Circuit Court of St. Louis County, Missouri.

4. The bond previously posted by Plaintiff in the amount of $1.00 is hereby ordered released to Plaintiff forthwith.

5. Violation of this permanent injunction will subject Defendant to penalties for contempt of court.

6. An appropriate judgment will accompany this Memorandum, Order and Entry of Permanent Injunction.

SO ORDERED.

_Ronnie L. White_
United States District Court Judge

This __13th__ day of January, 2016.